IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN VAN ZANTEN,

    Petitioner,        No. CIV S-05-2558 MCE PAN P

  vs.

J. S. WOODFORD, et al.,

    Respondents.        ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel, applied for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and requested leave to proceed in forma pauperis.

        Examination of the in forma pauperis affidavit reveals petitioner is unable to afford the costs of suit. Leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

        A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

        Petitioner alleges respondent violated his right to due process under Valdivia v. Schwarzenegger, Civ. S 94-0671 LKK GGH by failing to hold a parole revocation hearing within 35 days. He seeks an order directing that the petition to revoke probation be dismissed and that

1

1  he immediately be released from custody. On August 20, 2005, authorities placed a parole hold
2  on petitioner and on November 16, 2005, authorities held a final revocation hearing, at which
3  they found petitioner violated the conditions of his parole.  Petitioner was returned to custody for
4  one year.
5         Pursuant to the March 9, 2004, Stipulated Order for Permanent Injunctive Relief
6  made in Valdivia v. Schwarzenegger, Civ. S 94-0671 LKK GGH, California parole officials have
7  35 days from the placement of a parole hold to have a final revocation hearing for parolees who
8  do not waive or seek a continuance of a final revocation hearing.  This court retained jurisdiction
9  to enforce the order through specific performance and all other remedies permitted by law or
10 equity.
11         A petitioner may obtain habeas corpus relief, i.e., release and dismissal of the
12 parole violation allegations, only if he can show the delay was unreasonable and prejudiced him.
13 Hooper v. U.S. v. Parole Com'n, 702 F.2d 842, 845 (9th Cir. 1983).   Petitioner does not allege
14 he did not have a timely probable cause hearing or that the delay prejudiced him in defending
15 against the grounds for revocation.
16         It appears there is no basis for relief.
17         Accordingly, IT IS HEREBY ORDERED that:
18         1. Petitioner has 30 days from the date of this order to file an amended petition
19 showing there may be a basis for relief.
20 DATED: May 24, 2006.

UNITED STATES MAGISTRATE JUDGE

\004
\van2558.ord to amend

2